■ GRACE SCIASCIA, Appellant, v STUART T. NEVINS, Respondent, et al., Defendants.—In a medical malpractice action, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Gurahian, J.), entered February 21, 1986, which granted the motion of the defendant Stuart T. Nevins for summary judgment dismissing the complaint as against him, and (2) from so much of an order of the same court, entered June 13, 1986, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order entered February 21, 1986, is dismissed, as that order was superseded by the order entered June 13, 1986, made upon renewal and reargument; and it is further,

Ordered that the order entered June 13, 1986, is reversed insofar as appealed from, the order entered February 21, 1986 is vacated, and the motion for summary judgment is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The respondent's contention that the court erred in granting the plaintiff's motion for renewal and reargument is without merit. Although the plaintiff may not have technically met the requirements for renewal and reargument, the granting of this relief is discretionary with the court in the interests of justice (see, Rodney v New York Pyrotechnic Prods. Co., 112 AD2d 410; Esa v New York Prop. Ins. Underwriting Assn., 89 AD2d 865). Having granted the motion, the court should have considered the additional evidence which the plaintiff submitted regarding the respondent's causation of her injuries.

In a medical malpractice action, in order to demonstrate the existence of a triable issue of fact, a plaintiff must submit evidentiary facts or materials to rebut a prima facie showing by the defendant physician that he was not negligent in treating the plaintiff. The affirmations in this case of Dr. Peter Lichtenfeld raise triable issues of fact concerning whether the alleged failure of the defendant Nevins to timely notify the plaintiff or her neurologist of the results of certain tests constituted a breach of acceptable medical practice, and whether this failure delayed the proper diagnosis of the plaintiff's condition, thus exacerbating her condition. Inasmuch as she has set forth more than mere conclusory and general allegations unsupported by competent evidence, the plaintiff has met her burden (cf., Alvarez v Prospect Hosp., 68 NY2d 320, 325). Accordingly, the court erred in granting summary judgment to the defendant Nevins. Niehoff, Weinstein and Kunzeman, JJ., concur.

Mangano, J. P., concurs in the result, with the following memorandum: In my view, the court erred in granting the plaintiff's motion, which was, in effect, for renewal and reconsideration of the motion of the defendant Stuart T. Nevins for summary judgment dismissing the complaint as against him, which was granted by a prior order entered February 21, 1986. The plaintiff's motion to renew was essentially based on an affidavit from her expert, Dr. Peter Lichtenfeld. The record indicates that the plaintiff's initial opposition papers to the defendant Nevins' motion for summary judgment, consisted, inter alia, of an affidavit from Dr. Lichtenfeld, to the effect that Dr. Nevins' conduct constituted a departure from "good and customary practice". Since Dr. Lichtenfeld made no mention in his first affidavit of the issue of causation, the defendant Nevins' motion for summary judgment was properly granted by the court in its order entered February 21, 1986. In her motion to renew, the plaintiff submitted a second

affidavit from Dr. Lichtenfeld, which cured the defect in his first affidavit. However, this court has condemned and rejected attempts by parties to renew, in the area of summary judgment, when the new material consists merely of embellished medical allegations from the same expert utilized by the party in the original motion (see, Green v Wright, 126 AD2d 574; Echeverri v Flushing Hosp. & Med. Center, 123 AD2d 818; see also, Rose v La Joux, 93 AD2d 817).

However, since the defendant Nevins has not cross-appealed from so much of the order entered June 13, 1986, as granted the plaintiff's motion to renew, I am constrained to concur in the result reached by the majority.