■ FRANCES M. MAHER, Respondent, v ALFRED JULIEN et al., Appellants. FRANCES M. MAHER, Appellant, v ALFRED JULIEN et al., Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered on or about May 29, 1990, which granted plaintiff's motion to renew and, upon renewal, recalled and vacated the prior order of Justice Andrew Tyler and denied defendants' motion for summary judgment, unanimously affirmed, without costs.

Order of the same court, entered August 29, 1990, which denied plaintiff's motion to amend her pleadings to include a

claim for punitive damages, unanimously affirmed, without costs.

The instant legal malpractice action stems from defendants' representation of plaintiff in her medical malpractice action. It is alleged that as a result of defendants' failure to comply with the rules regarding the exchange of medical records, a doctor was substantially precluded from testifying in favor of plaintiff's claim. According to plaintiff, only upon the urging of defendants, she settled the medical malpractice case for $125,000.

After realizing the error that had occurred with regard to the failure to exchange medical records, and the resultant damage to her case, plaintiff instituted this legal malpractice action in 1983. In 1988, defendants moved to dismiss plaintiff's complaint; plaintiff opposed the motion on procedural grounds, but nevertheless, requested an additional three weeks to prepare opposition on the merits since the motion was made on the eve of trial and five years after the case had begun.

Four months later, Justice Tyler granted defendants' motion to dismiss. He noted that plaintiff requested a three-week adjournment to oppose the motion on the merits, but never addressed that request.

Accordingly, plaintiff moved to renew and to vacate Justice Tyler's order. The case came before Justice Burton Sherman as a result of Justice Tyler's death. Justice Sherman granted plaintiff's motion to renew and denied defendants' motion for summary judgment to dismiss the complaint.

Plaintiff then sought to amend her complaint to add a claim for punitive damages. The IAS court denied said request.

The IAS court properly exercised its discretion in granting renewal *(see, Sciascia v Nevins,* 130 AD2d 649). It appears that plaintiff believed that she would be notified if the court deemed submission of further papers in opposition to the motion necessary, and under these circumstances it was clearly appropriate to grant renewal.

We agree with the IAS court that plaintiff presented adequate evidence to defeat the summary judgment motion *(see, Alverez v Prospect Hosp.,* 68 NY2d 320, 327). Further, as there is no merit to plaintiff's claim for punitive damages it was proper for the IAS court to deny plaintiff's motion to amend her pleadings to add such a claim. *(See, East Asiatic Co. v Corash,* 34 AD2d 432.)

We have considered the parties' other claims and find them

to be without merit. Concur—Ross, J. P., Carro, Asch, Wallach and Smith, JJ.