■ John R. Tesa et al., Appellants, v Transit Authority of the City of New York et al., Respondents.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.) entered on or about August 12, 1991, which denied the plaintiffs' motion for renewal and/or reargument of defendant's summary judgment motion, unanimously reversed on the law,

renewal is granted and on renewal defendant's motion for summary judgment is denied. Plaintiffs' appeal from the order and judgment of the same court, denominated as an "ORDER OF FINAL JUDGMENT", entered April 29, 1991 is dismissed as subsumed in the appeal from the order entered August 12, 1991, all without costs.

The plaintiff-appellant, John Rudolph Tesa, alleged that on November 4, 1983 at approximately 12:30 P.M., he was standing at the northeast corner of 23rd Street and Sixth Avenue in Manhattan, when a blue and white bus bearing the number 4030 struck boxes of light stands that he was carrying on his shoulder. Although the plaintiff was knocked to the ground, he was not rendered unconscious and later left the scene without help after filing a report with the police. Plaintiff could provide no other identification information about the bus as the bus proceeded without stopping after striking him.

Plaintiff recited the above facts at a February 1987 EBT. One of defendant's surface line dispatchers testified at an EBT that on the date in question bus number 4030 was assigned to two routes both located on Staten Island. According to the dispatcher, who testified based only on the "Daily Trip Report" for bus number 4030, the 4030 bus was either being operated on Staten Island or was at the Castleton Depot on Staten Island on the date in question. A surface line coordinator for the Transit Authority who corroborated the surface line dispatcher's testimony, produced a maintenance record which indicated that on the day before the incident, bus number 4030 had been serviced at both the Manhattan Depot on Amsterdam Avenue and at the Castleton Depot on Staten Island.

The defendant moved for summary judgment based on the above and the IAS Court by order entered April 19, 1988, directed that a further EBT be conducted at which defendant was to produce a "qualified employee * * * to explain the bus maintenance records previously delivered." The Court also noted that the plaintiff had raised a triable issue with respect to "credibility" of the defendant's records which could not be resolved until the completion of discovery.

As a result of the court's order, an EBT of a supervisor of defendant's buses and shops was conducted. The supervisor conceded that there were numerous other methods of record keeping concerning all of the buses operating in the area in question. When these other records were not produced, the Transit Authority, in April 1989, produced the affidavit of the

director of its Records Management Division. He confirmed that all relevant documents concerning the operation of buses in 1983 had by then been destroyed pursuant to Transit Authority policy. At an October 1989 deposition, the same director confirmed that all records concerning the three buses previously stated by defendant's witnesses to have been operating on Sixth Avenue on the date in question, were destroyed. He stated also that the only records remaining concerning bus number 4030 on the date in question were the maintenance record, and the Daily Trip Report which had already been produced. He conceded that any other records which could be used to prove the accuracy and veracity of the Daily Trip Report were destroyed during the pendency of the lawsuit.

The defendant moved a second time for summary judgment. The IAS Court granted summary judgment in favor of defendant in the order entered April 29, 1991 indicating that the issue regarding the credibility of the defendant's documentation, identified in its prior April 1988 order denying summary judgment, had since been resolved. In June 1991, the plaintiff moved for renewal/reargument based on the affidavit of a nonparty eyewitness, who had given the police a report that the plaintiff had been struck by a blue and white "City" bus. Plaintiff had not previously located the witness because she had married, taken her husband's name and moved to Texas since the time of the accident.

The discovery of an eyewitness previously unlocatable and the presentation of her affidavit which supports the plaintiff's allegations is a proper basis for an application to renew *(Matter of Ahmad v Purcell,* 82 AD2d 802). Here the plaintiff's deposition testimony and the affidavit of the nonparty eyewitness, in which she unequivocally identifies the offending vehicle as a blue and white City bus, give rise to a triable issue of fact. The Daily Trip Report and the maintenance record did not eliminate all of the material issues from the case, especially in view of the fact that the more relevant documentary evidence had been destroyed. Rather, the documentary evidence raised other issues concerning its accuracy and credibility. The defendant therefore was not entitled to a judgment as a matter of law *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). When an issue of fact exists or even arguably exists, the court is not permitted to resolve the attendant credibility issues and then resolve the fact issue as was done by the IAS Court here *(Capelin Assocs. v Globe Mfg. Corp.,* 34

NY2d 338, 341). Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.