■ JEAN I. BRIGNOL, Appellant, v WARREN ELEVATOR SERVICE Co., INC., Defendant and Third-Party Plaintiff-Respondent. PECHTER BAKING Co., INC., Third-Party Defendant-Respondent. [657 NYS2d 768] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated May 31, 1996, as, upon granting the plaintiff's motion to renew, adhered to the court's prior determination in an order dated May 2, 1995, granting the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint and the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, the motions by the defendant third-party plaintiff and the third-party defendant for summary judgment dismissing the complaint and the third-party complaint, respectively, are denied, the order dated May 2, 1995, is vacated, and the complaint and third-party complaint are reinstated.

The plaintiff offered a sufficient excuse as to why the affidavit of the nonparty witness submitted in support of the motion to renew was not provided in opposition to the original motions for summary judgment *(cf., Tesa v Transit Auth.,* 184 AD2d 421). In any event, the Supreme Court properly exercised its discretion in granting the motion to renew *(see, Sciascia v Nevins,* 130 AD2d 649).

Upon granting renewal, however, the Supreme Court should have denied the motions for summary judgment and reinstated the complaint and third-party complaint. The newly-supplied affidavit in support of the motion to renew controverted the factual assertions in the original moving papers that the defendant third-party plaintiff had not performed any service or repairs on the elevator on which the plaintiff was injured. It was improper to adhere to the prior determination on the different ground that the new affidavit did not establish factual issues pointing to the negligence of the defendant third-party plaintiff where the original motions were not based on a claim that services or repairs were performed in a non-negligent manner *(see, Conroy v Swartout,* 135 AD2d 945; *see also, Dunham v Hilco Constr. Co.,* 89 NY2d 425). Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.