■ CHRIS LIMNIATIS, Respondent, v GREENBURGH CENTRAL SCHOOL DISTRICT NO. 7, Appellant. [803 NYS2d 438]—

Appeal by Greenburgh Central School District No. 7 from an order of the Supreme Court, Westchester County (Barone, J.), entered October 19, 2004, which granted its application for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

In determining whether to grant leave to serve a late notice of claim, pursuant to General Municipal Law § 50-e, the court should consider certain factors, including whether (1) the movant has demonstrated a reasonable excuse for his or her failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, (3) an infant is involved, and (4) the delay would substantially prejudice the public corporation in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Doe v Goshen Cent. School Dist., 13 AD3d 526 [2004]; Matter of Cotten v County of Nassau, 307 AD2d 965 [2003]; Matter of Brown v County of Westchester, 293 AD2d 748 [2002]). The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court (see Matter of Andrew T.B. v Brewster Cent. School Dist., 18 AD3d 745 [2005]; Matter of Doe v Goshen Cent. School Dist., supra; Matter of Tumm v Town of Eastchester, 8 AD3d 581 [2004]).

Upon considering all of the statutory factors, under the particular circumstances of this case, the Supreme Court providently exercised its discretion in granting the subject application for leave to serve a late notice of claim (see General Municipal Law § 50-e [5]; Matter of Andrew T.B. v Brewster Cent. School Dist., supra). Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.