In the Matter of MICHELLE SURDO et al., Respondents, v LEVITTOWN PUBLIC SCHOOL DISTRICT, Appellant. [837 NYS2d 315]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Levittown Public School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered June 26, 2006, as, in effect, granted that branch of the petitioners' motion which was for leave to renew their petition, which had been denied in a prior order of the same court dated December 20, 2005, and, upon renewal, granted the petition and deemed the notice of claim served.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in, in effect, granting that branch of the petitioners' motion which was for leave to renew (*see* CPLR 2221 [e] [2]). While the facts asserted in the infant petitioner's affidavit were available at the time that the original petition was served, the rule requiring that new facts presented on a motion for leave to renew must be unavailable at the time of the initial motion or petition is a flexible one. The motion court may, in its discretion, grant renewal upon facts known to the movant at the time of the original motion or petition if the movant offers a reasonable excuse for the failure to present those facts on the prior motion or petition (*see Lawman v Gap, Inc.*, 38 AD3d 852 [2007]; *Lafferty v Eklecco, LLC*, 34 AD3d 754, 754-755 [2006]; *Petsako v Zweig*, 8

AD3d 355, 356 [2004]). Here, the petitioners offered a reasonable excuse for not including the infant petitioner's affidavit with their original petition.

Moreover, the petitioners demonstrated that the new facts set forth in the infant petitioner's affidavit "would change the prior determination" (CPLR 2221 [e] [2]). Thus, the Supreme Court providently exercised its discretion in granting the original petition. Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of an action against a school district (see Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]). In determining whether to grant leave to serve a late notice of claim, the court generally will consider three factors: (1) whether the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) whether the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay substantially prejudiced the school district in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531 [2006]; Matter of Padovano v Massapequa Union Free School Dist., 31 AD3d 563, 564 [2006]; Bovich v East Meadow Pub. Lib., 16 AD3d 11, 19-20 [2005]). Upon consideration of these factors, the court providently exercised its discretion in granting the petition and deeming the notice of claim served (see Limniatis v Greenburgh Cent. School Dist. No. 7, 23 AD3d 353 [2005]; Matter of Rising v Eastern Suffolk BOCES, 6 AD3d 718 [2004]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.