■ MARTIN C. GONZALEZ, by His Guardian ad Litem, GUADALUPE ROMERO REYES, Respondent, v VIGO CONSTRUCTION CORP., Defendant/Third-Party Plaintiff-Appellant-Respondent, et al., Defendant/Third-Party Plaintiff. EAST WIND CONTRACTING, INC., Third-Party Defendant-Respondent-Appellant. [892 NYS2d 194]—

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Ramirez v Khan,* 60 AD3d 748 [2009]; *Lardo v Rivlab Transp. Corp.,* 46 AD3d 759 [2007]). The requirement that a motion for renewal be based on new facts is a flexible one, and it is within the court's discretion to grant renewal upon facts known to the moving party at the time of the original motion "if the movant offers a reasonable excuse for the failure to present those facts on the prior motion" (*Matter of Surdo v Levittown Pub. School Dist.,* 41 AD3d 486, 486 [2007]; *Heaven v McGowan,* 40 AD3d 583, 586.[2007]).

Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to renew his opposition to that branch of prior motion of Vigo Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff offered a reasonable excuse for not including an affidavit from a nonparty witness in opposition to the original motion (*see De Cicco v Longendyke,* 37 AD3d 934 [2007]; *Brignol v Warren El. Serv. Co.,* 240 AD2d 354 [1997]; *Tesa v Transit Auth. of City of N.Y.,* 184 AD2d 421, 423 [1992]). The misidentification of an eyewitness to the subject accident, by not stating his correct surname in the police report, resulted in a reasonable delay in locating the eyewitness and obtaining his affidavit (*id.*).

Upon renewal, the Supreme Court properly determined that there are triable issues of fact with respect to liability for the subject accident (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

The parties' remaining contentions are either academic or without merit. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.