*824 A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]) and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [3]; see Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566 [2010]; Ramirez v Khan, 60 AD3d 748 [2009]). “The requirement that a motion for renewal be based on new facts is a flexible one, and it is within the court’s discretion to grant renewal upon facts known to the moving party at the time of the original motion ‘if the movant offers a reasonable excuse for the failure to present those facts on the prior motion’ ” (Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566 [2010], quoting Matter of Surdo v Levittown Pub. School Dist., 41 AD3d 486, 486 [2007]).
Here, the Supreme Court providently exercised its discretion in granting that branch of the motion of the defendants Jonathan Pratt, Jonathan Pratt doing business as Float Eyewear, Inc., Just In Optical, Inc., and Float Eyewear, Inc. (hereinafter collectively the respondents), which was pursuant to CPLR 2221 for leave to renew their opposition to the plaintiffs’ motion for summary judgment. Under the circumstances of this case, the respondents demonstrated a reasonable justification for failing to present certain evidence on the prior motion (see De Cicco v Longendyke, 37 AD3d 934, 935 [2007]). Moreover, upon renewal, the Supreme Court properly determined that triable issues of fact exist with respect to, inter alia, the validity of the parties’ surrender and termination agreement (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
The plaintiffs’ remaining contention is without merit. Rivera, J.P., Hall, Roman and Miller, JJ., concur.