■ NAHLA N. ALI, Appellant, v VERIZON NEW YORK, INC., et al., Respondents. [982 NYS2d 903]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated April 26, 2012, as granted that branch of the defendants' motion which was for leave to renew their opposition to the plaintiff's motion for summary judgment on the issue of liability, which had been granted in a prior order of the same court dated January 11, 2012, and, upon renewal, vacated the order dated January 11, 2012, and, thereupon, denied the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order dated April 26, 2012, is affirmed insofar as appealed from, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Rakha v Pinnacle Bus Servs.*, 98 AD3d 657 [2012]; *DeMarquez v Gallo*, 94 AD3d 1039, 1040 [2012]; *Matter of Choy v Mai Ling Lai*, 91 AD3d 772 [2012]; *Ferdico v Zweig*, 82 AD3d 1151, 1153 [2011]). While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance (*see Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Yebo v Cuadra*, 98 AD3d 504 [2012]), since " '[a] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Matter of Catherine V.D. [Rachel G.]*, 100 AD3d 992, 993 [2012], quoting *Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]).

Here, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to renew their opposition to the plaintiff's motion for summary judgment on the issue of liability, which motion had been granted in a prior order. The defendants offered a reasonable excuse for not including an affidavit from a certain nonparty witness in their prior opposition to the motion (*see Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565, 565 [2010]; *see also JRP Holding, Inc. v Pratt*, 113 AD3d 823 [2014]; *De Cicco v Longendyke*, 37 AD3d 934 [2007]). The Supreme Court did not err in considering the affidavit of the nonparty, even though it was signed and notarized in Florida and was not accompanied by a certification in accordance with CPLR 2309 (c). This was not a fatal defect, as the plaintiff was not prejudiced thereby (*see* CPLR 2001; *Matos v Salem Truck Leasing*, 105 AD3d 916, 917 [2013]; *Fredette v Town of Southampton*, 95 AD3d 940, 942 [2012]; *Smith v Allstate Ins. Co.*, 38 AD3d 522, 523 [2007]).

Upon renewal, the Supreme Court properly determined that there are triable issues of fact with respect to liability for the subject accident, including the issue of comparative fault (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]; *see also Kusz v New York City Tr. Auth.*, 88 AD3d 768 [2011]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.