■ CENTRAL MORTGAGE COMPANY, Respondent, v DORON RESHEFF et al., Defendants, and KAREN RESHEFF, Appellant. [26 NYS3d 323]—

In an action to foreclose a mortgage, the defendant Karen Resheff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), dated June 24, 2013, as, in effect, granted that branch of the plaintiff's motion which was for leave to renew its prior motion, inter alia, for summary judgment on the complaint, which had been denied in an order of the same court dated September 28, 2012, and, upon renewal, in effect, vacated the determination in the order dated September 28, 2012, and thereupon granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Karen Resheff, and (2) from a judgment of foreclosure and sale of the same court (Jamieson, J.), dated April 25, 2014, which, upon the order dated June 24, 2013, among other things, directed the sale of the subject premises.

Ordered that the appeal from the order dated June 24, 2013, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for leave to renew its prior motion, inter alia, for summary judgment on the complaint is denied, and an order of the Supreme Court, Westchester County, dated May 28, 2013, and the order dated June 24, 2013, are modified accordingly.

The appeal from the order dated June 24, 2013 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Matter of Aho*, 39 NY2d at 248).

The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Karen Resheff, and thereafter moved for summary judgment on the complaint. In an order dated September 28, 2012, the Supreme Court denied summary judgment to the plaintiff on the ground that the

plaintiff failed to submit sufficient evidence of the mortgagor's default. In two subsequent orders dated May 28, 2013, and June 24, 2013, the court, upon granting the plaintiff leave to renew, in effect, vacated its determination in the September 28, 2012, order and awarded summary judgment to the plaintiff. A judgment of foreclosure and sale dated April 25, 2014, among other things, directed the sale of the subject premises.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). " 'A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Kamdem-Ouaffo v Pepsico, Inc.*, 133 AD3d 828, 828 [2015], quoting *Elder v Elder*, 21 AD3d 1055, 1055 [2005]). " '[T]he Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion' " (*Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 891 [2015], quoting *Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012]; *see Hlenski v City of New York*, 51 AD3d 974, 974-975 [2008]).

Here, in support of that branch of its motion which was for leave to renew, the plaintiff failed to provide any explanation for its failure to present the new facts on the original motion. Therefore, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to renew its prior motion, inter alia, for summary judgment on the complaint. Accordingly, the judgment of foreclosure and sale must be reversed, that branch of the plaintiff's motion which was for leave to renew its prior motion for summary judgment on the complaint denied, and the orders dated May 28, 2013 and June 24, 2013 modified accordingly.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dickerson, J.P., Hall, Roman and Duffy, JJ., concur.