■ FREDERICK M. CIOFFI et al., Appellants, v S.M. FOODS, INC., et al., Respondents. (And a Third-Party Action.) [36 NYS3d 664]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 20, 2014, as granted those

branches of the motion of the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay which were to strike certain discovery demands and denied that branch of their cross motion which was to preclude the defendants from offering certain evidence at trial, and (2) from an order of the same court dated March 4, 2015, which denied their motion for leave to renew and reargue their opposition to the motion of the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay to strike certain discovery demands, and denied that branch of their cross motion which was to preclude the defendants from offering certain evidence at trial.

Ordered that the appeal from so much of the order dated March 4, 2015, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 20, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 4, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

On May 22, 2009, the plaintiff Frederick M. Cioffi (hereinafter the injured plaintiff), a police officer, allegedly was injured while he was conducting a traffic stop on foot when he was struck by a tractor trailer operated by the defendant Daniel E. Burke. The tractor trailer was owned by the defendant Ryder Truck Rental, Inc. (hereinafter Ryder). On September 19, 2008, the tractor trailer had been leased pursuant to a rental agreement to the defendant GFI Boston, LLC (hereinafter GFI), Burke's employer. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Ryder, GFI, Burke, and certain of GFI's corporate parents and principals, namely, the defendants Atlanta Foods International, Russell McCall's, Inc., and Doug Jay (hereinafter collectively the Atlanta defendants), to recover damages for personal injuries (*see Cioffi v S.M. Foods, Inc.*, 129 AD3d 888 [2015]).

The Atlanta defendants moved, inter alia, to strike certain discovery demands served by the plaintiffs. The plaintiffs cross-moved, inter alia, to preclude the defendants from offering certain evidence at trial on the ground that the defendants allegedly failed to comply with discovery orders and demands. In an order dated October 20, 2014, the Supreme Court granted that branch of the Atlanta defendants' motion which was to strike the plaintiffs' discovery demands to the extent of striking some of the demands identified in their motion. The court

denied that branch of the plaintiffs' cross motion which was to preclude the defendants from offering certain evidence at trial. The plaintiffs moved, inter alia, for leave to renew their opposition to the Atlanta defendants' motion, and their cross motion. In an order dated March 4, 2015, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal from both orders.

" '[A] trial court is given broad discretion to oversee the discovery process' " (*Maiorino v City of New York*, 39 AD3d 601, 601 [2007], quoting *Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]; *see Cioffi v S.M. Foods, Inc.*, 142 AD3d 520 [2016] [decided herewith]; *Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d 798, 799 [2016]). Thus, "[t]he supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Berkowitz v 29 Woodmere Blvd. Owners', Inc.*, 135 AD3d at 799 [internal quotation marks omitted]; *see Gould v Decolator*, 131 AD3d 445, 447 [2015]; *Ligoure v City of New York*, 128 AD3d 1027, 1028 [2015]; *Daniels v City of New York*, 117 AD3d 981 [2014]). Nevertheless, this Court is "vested with a corresponding power to substitute its own discretion for that of the trial court" (*Peculic v Sawicki*, 129 AD3d 930, 931 [2015]; *see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]; *Brady v Ottaway Newspapers*, 63 NY2d 1031, 1032 [1984]).

Here, the Supreme Court properly granted those branches of the Atlanta defendants' motion which were to strike certain of the plaintiffs' discovery demands. A review of the record demonstrates that the court carefully reviewed the plaintiffs' discovery demands to determine which were relevant and proper and gave the parties detailed directions regarding their responses. We have reviewed the plaintiffs' demands and the order striking portions of those demands and perceive no improvident exercise of discretion.

The Supreme Court also properly denied that branch of the plaintiffs' cross motion which was to preclude the defendants from offering certain evidence at trial. Pursuant to CPLR 3126, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed," the court may, inter alia, preclude that party from presenting evidence (CPLR 3126 [2]). Precluding a party from presenting evidence is a drastic remedy which generally requires a showing that the party's conduct is willful and contumacious (*see Jennings v Orange Regional Med. Ctr.*, 102 AD3d 654, 656 [2013]). "Willful and contumacious conduct

may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686-687 [2011] [internal quotation marks and citations omitted]; *see Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d 911, 913 [2015]; *Commisso v Orshan*, 85 AD3d 845 [2011]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]). "The nature and degree of the penalty to be imposed pursuant to CPLR 3126 rests within the discretion of the motion court" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d at 686; *see Commisso v Orshan*, 85 AD3d at 845; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800; *Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954 [2009]).

Here, the defendants cannot be sanctioned for failing to respond to discovery demands which were ultimately stricken by the Supreme Court. As to the remaining demands, the plaintiffs have failed to demonstrate that any of the defendants acted willfully and contumaciously in violation of the court's orders. Accordingly, the court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was to preclude the defendants from offering certain evidence at trial (*see Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d at 913; *Silberstein v Maimonides Med. Ctr.*, 109 AD3d 812, 814 [2013]; *Jennings v Orange Regional Med. Ctr.*, 102 AD3d at 656).

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). To prevail on a motion for leave to renew, the motion "must be (1) based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*Matter of Nelson v Allstate Ins. Co.*, 73 AD3d 929, 929 [2010]; *see Central Mtge. Co. v Resheff*, 136 AD3d 962, 963 [2016]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Jovanovic v Jovanovic*, 96 AD3d 1019, 1020 [2012]). The new or additional facts presented "either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (*Deutsche Bank Trust Co. v Ghaness*, 100 AD3d at 586; *see Rowe v NYCPD*, 85 AD3d 1001, 1003 [2011]; *Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565, 566 [2010]).

A motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Coccia v Liotti*, 70 AD3d 747, 753 [2010] [internal quotation marks omitted]; *see Jovanovic v Jovanovic*, 96 AD3d at 1020; *Rowe v NYCPD*, 85 AD3d at 1003; *Mollin v County of Nassau*, 2 AD3d 600, 601 [2003]). Accordingly, "the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (*Jovanovic v Jovanovic*, 96 AD3d at 1020; *see Rowe v NYCPD*, 85 AD3d at 1003). Reasonable justification does not exist where "the new evidence consists of documents which the [moving party] knew existed, and were in fact in his [or her] own possession at the time the initial motion was made" (*Rowe v NYCPD*, 85 AD3d at 1003 [internal quotation marks omitted]; *see Jovanovic v Jovanovic*, 96 AD3d at 1020).

Here, the plaintiffs failed to point to any new or additional facts beyond new affidavits from their experts and, as to these, offered no explanation why they could not have been submitted with their original motion papers. Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew their cross motion and their opposition to the Atlanta defendants' motion.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.