In an action to foreclose a mortgage, the defendant Yaacov Sakizada appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated May 28, 2015, as, upon a decision of the same court dated November 3, 2014, in effect, granted that branch of the plaintiff’s motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Yaacov Sakizada and to strike that defendant’s answer, which had been denied in an order of the same court dated February 18, 2014, and, upon renewal, in effect, vacated that determination and thereupon granted those branches of the plaintiff’s prior motion.
 

 Ordered that the order dated May 28, 2015, is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff’s motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Yaacov Sakizada and to strike that defendant’s answer is denied.
 

 The defendant Yaacov Sakizada (hereinafter the defendant) executed a note and mortgage on real property in favor of Greenpoint Mortgage Funding, Inc. The mortgage was subsequently assigned to the plaintiff. Upon the defendant’s alleged default on the note, the plaintiff commenced this action to foreclose the mortgage. The defendant’s answer asserted lack of standing as an affirmative defense.
 

 The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to strike his answer. The Supreme Court denied those branches of the motion. The plaintiff then moved, inter alia, for leave to renew those branches of its prior motion. In the order appealed from, the court, in effect, granted that branch of the motion which was for leave to renew, and, upon renewal, in effect, vacated the prior determination denying those branches of the plaintiff’s prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike his answer and thereupon granted those branches of the prior motion.
 

 A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” (CPLR 2221 [e] [2]). Renewal may be granted when the new or additional facts were known to the party seeking renewal at the time of the original motion; however, a reasonable justification for the failure to offer such facts on the original motion must be offered (see CPLR 2221 [e] [3]; DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024 [2017]; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586 [2012]). “ ‘Amotion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation’” (Kamdem-Ouaffo v Pepsico, Inc., 133 AD3d 828, 828-829 [2015], quoting Elder v Elder, 21 AD3d 1055 [2005]).
 

 Here, since the plaintiff did not set forth a reasonable justification for failing to offer the new facts in connection with its prior motion, including the alleged fact that a blank endorsement was contained on the note itself, the Supreme Court should have denied leave to renew (see Central Mtge. Co. v Resheff, 136 AD3d 962, 963 [2016]).
 

 The defendant’s remaining contentions either are not properly before this Court or need not be reached in light of our determination.
 

 Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.