Caronia v Peluso (2019 NY Slip Op 01556)





Caronia v Peluso


2019 NY Slip Op 01556


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-00850
 (Index No. 22098/14)

[*1]Darlene Caronia, respondent, 
v
Matthew Peluso, et al., defendants, Faculty-Student Association of the State University of New York at Stony Brook, Inc., appellant (and a third-party action).


White Fleischner & Fino, LLP, New York, NY (Nancy Davis Lewis and Matthew Toker of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Faculty-Student Association of the State University of New York at Stony Brook, Inc., appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated November 18, 2016. The order, insofar as appealed from, denied that defendant's motion for leave to renew that branch of its prior cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, which was denied in an order of the same court dated February 9, 2016.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages allegedly sustained by her when a vehicle operated by the defendant Matthew Peluso (hereinafter Peluso), an employee of the defendant Faculty-Student Association of the State University of New York at Stony Brook, Inc. (hereinafter the FSA), while driving in reverse, hit the plaintiff's vehicle in the parking lot of the State University of New York at Stony Brook. After Peluso and his wife failed to answer the complaint, the plaintiff moved for leave to enter a default judgment against them and the FSA cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. On February 9, 2016, the Supreme Court, inter alia, denied that branch of the FSA's cross motion which was for summary judgment on the ground that it failed, prima facie, to establish that it was not liable to the plaintiff under the doctrine of respondeat superior.
Thereafter, the FSA issued a subpoena for Peluso's deposition, which took place in June 2016. In August 2016, the FSA moved for leave to renew that branch of its cross motion which was for summary judgment, relying, inter alia, on Peluso's deposition testimony. In an order dated November 18, 2016, the Supreme Court denied the FSA's motion for leave to renew on the ground that it failed to explain why it had not obtained Peluso's testimony prior to making its original cross motion. The FSA appeals from that order.
A motion for leave to renew "shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "The requirement that a motion for renewal be based on new facts is a flexible one" (Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566; see Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512). "The new or additional facts presented either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion'" (Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d at 513, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; see Cioffi v S.M. Foods, Inc., 142 AD3d 526, 529). In either circumstance, however, the party seeking renewal must present " a reasonable excuse for the failure to present those facts on the prior motion'" (Gonzalez v Vigo Constr. Corp., 69 AD3d at 566, quoting Matter of Surdo v Levittown Pub. School Dist., 41 AD3d 486, 486; see Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d at 513). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d at 513; see Cioffi v S.M. Foods, Inc., 142 AD3d at 530). Where the party seeking renewal fails to provide a reasonable justification for not presenting the new facts on the prior motion, the court lacks discretion to grant renewal (see Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512; Cioffi v S.M. Foods, Inc., 142 AD3d at 530).
Here, the FSA failed to provide a reasonable justification for not procuring Peluso's testimony prior to making its original cross motion for summary judgment (see Eskenazi v Mackoul, 92 AD3d 828, 829). Accordingly, we agree with the Supreme Court's determination denying the FSA's motion for leave to renew that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court