Baviello v Patterson Auto Convenience Store, Inc. (2019 NY Slip Op 02052)





Baviello v Patterson Auto Convenience Store, Inc.


2019 NY Slip Op 02052


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-10063
2018-01073
 (Index No. 672/15)

[*1]Rosemarie Baviello, respondent, 
v
Patterson Auto Convenience Store, Inc., et al., appellants, et al., defendant.


Law Office of Marc D. Orloff, P.C., Goshen, NY (Dennis J. Mahoney III of counsel), for appellants.
Sobo & Sobo, LLP, Middletown, NY (Courtney J. Campbell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Patterson Auto Convenience Store, Inc., Patterson Auto Body, Inc., and Haviland Hollow Holdings, Inc., appeal from (1) an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated July 12, 2017, and (2) an order of the same court dated November 13, 2017. The order dated July 12, 2017, denied the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them. The order dated November 13, 2017, insofar as appealed from, denied that branch of the motion of those defendants which was for leave to renew their motion for summary judgment dismissing the complaint insofar as asserted against them and, upon reargument, adhered to the original determination in the order dated July 12, 2017.
ORDERED that the appeal from the order dated July 12, 2017, is dismissed, as that order was superseded by the order dated November 13, 2017, made upon reargument; and it is further,
ORDERED that the order dated November 13, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action seeking damages for injuries she alleges that she sustained in April 2014 when she was walking in the parking lot of a convenience store located in Patterson. According to the plaintiff, the defendants Patterson Auto Convenience Store, Inc., Patterson Auto Body, Inc., and Haviland Hollow Holdings, Inc. (hereinafter collectively the appellants), and the defendant Patterson Auto Rental, Ltd. (hereinafter together with the appellants, the defendants), own or are responsible for maintaining the parking lot. The plaintiff alleged that her right foot got caught underneath an elevated and broken yellow plastic wheel stop in the parking lot, causing her to fall forward to the ground. According to the plaintiff, the wheel stop at issue was [*2]in a parking space to the right of the parking space in which her husband had parked their vehicle. The plaintiff alleged that the defendants were negligent in, among other things, creating or causing a dangerous condition to exist on their premises.
The appellants subsequently moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their motion. The appellants thereafter moved for leave to reargue and renew their motion for summary judgment dismissing the complaint insofar as asserted against them. The court denied that branch of their motion which was for leave to renew and, upon reargument, adhered to the original determination denying their motion for summary judgment dismissing the complaint insofar as asserted against them.
We agree with the Supreme Court's determination, upon reargument, to adhere to its determination denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. In a case of this nature, in order to succeed on their motion for summary judgment dismissing the complaint insofar as asserted against them, the appellants were required to establish, prima facie, that they did not create the alleged dangerous or defective condition or have either actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Quinones v Starret City, Inc., 163 AD3d 1020, 1021; Perez v Wendell Terrace Owners Corp., 150 AD3d 1162, 1163). The appellants failed to demonstrate, prima facie, that they lacked constructive notice of the elevated and broken wheel stop over which the plaintiff alleged she fell. They failed to present evidence of when the specific area where the plaintiff fell was last cleaned or inspected relative to when the subject accident occurred (see Quinones v Starret City, Inc., 163 AD3d at 1022; Perez v Wendell Terrace Owners Corp., 150 AD3d at 1163). In light of the appellants' failure to meet their prima facie burden, the burden never shifted to the plaintiff to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We also agree with the Supreme Court's determination denying that branch of the appellants' motion which was for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566; Ramirez v Khan, 60 AD3d 748, 748). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Okumus v Living Room Steak House, Inc., 112 AD3d 799, 800). Here, there was no showing that the "new facts" submitted by the appellants—measurements of the wheel stop taken three years after the incident at issue—would be accurate or relevant to the condition of the wheel stop at the time of the incident. The appellants also failed to demonstrate a reasonable justification for failing to submit contemporaneous measurements of the wheel stop on their prior motion (see Okumus v Living Room Steak House, Inc., 112 AD3d at 800; Deutsche Bank Natl. Trust Co. v Wilkins, 97 AD3d 527, 528-529).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court