First Am. Tit. Ins. Co. v Chavannes (2019 NY Slip Op 07054)





First Am. Tit. Ins. Co. v Chavannes


2019 NY Slip Op 07054


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-03908
 (Index No. 25961/06)

[*1]First American Title Insurance Company, etc., respondent, 
v
Marie L. Chavannes, etc., defendant, Marvin Comond, appellant.


Marvin Comond, Reading, Pennsylvania, appellant pro se.
Malapero Prisco & Klauber, LLP, White Plains, NY (Joseph J. Prisco of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Marvin Comond appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 4, 2017. The order, insofar as appealed from, denied that defendant's motion for leave to renew and reargue his opposition to those branches of the motion of Golden Grand Developers, LLC, as assignee of the plaintiff, which were to restore the action to the calendar, to substitute First American Title Insurance Company as the plaintiff pursuant to CPLR 1018 and 1021, to amend the caption to reflect the substitution, and for summary judgment in favor of First American Title Insurance Company on the cause of action alleging fraud insofar as asserted against him, which were, in effect, granted in an order of the same court dated April 4, 2013, and an order and judgment of the same court entered May 21, 2013.
ORDERED that the appeal from so much of the order dated January 4, 2017, as denied that branch of the motion of the defendant Marvin Comond which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 4, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
As set forth in the decision and order in a related appeal (see First Am.Title Ins. Co. v Chavannes, ____ AD3d ____ [Appellate Division Docket No. 2013-05150; decided herewith]), Robert Comond commenced this action, inter alia, to recover damages for fraud against, among others, Marvin Comond, Marie L. Chavannes, and Golden Grand Developers, LLC (hereinafter Golden Grand). Robert alleged that his son, Marvin, and Chavannes, his former wife, forged his signature on a power of attorney and used the power of attorney to convey certain real property jointly owned by him and Chavannes to Golden Grand. In an order dated April 4, 2013, the Supreme Court, in effect, granted Golden Grand's motion to restore the action to the calendar, to substitute First American Title Insurance Company (hereinafter First American), Golden Grand's title insurer, as the plaintiff pursuant to CPLR 1018 and 1021, to amend the caption to reflect the substitution, and [*2]for summary judgment in favor of First American on the fraud cause of action against Chavannes and Marvin. On May 21, 2013, the court entered an order and judgment which granted the motion and is in favor of First American and against Chavannes and Marvin in the principal sum of $190,000. Thereafter, Marvin moved for leave to renew and reargue his opposition to Golden Grand's motion. In an order dated January 4, 2017, the court denied Marvin's motion. Marvin appeals.
We agree with the Supreme Court's determination to deny that branch of Marvin's motion which was for leave to renew, since he did not provide a reasonable justification for his failure to submit the affidavit of his expert in opposition to Golden Grand's motion (see CPLR 2221[e][3]; Matter of Serviss v Incorporated Vil. of Floral Park, 164 AD3d 512; Cioffi v S.M. Foods, Inc., 142 AD3d 526, 530; Ferdico v Zweig, 82 AD3d 1151, 1152). In addition, while Marvin alleged that First American's counsel admitted during a bankruptcy hearing that he had not notified Marvin of a stipulation of settlement dated May 25, 2010, and that this constituted new evidence, Marvin did not demonstrate that this evidence would have changed the determination of Golden Grand's motion (see CPLR 2221[e][2]).
Marvin's remaining contentions are improperly raised for the first time on appeal.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court