Singh v Weisberg (2019 NY Slip Op 08885)





Singh v Weisberg


2019 NY Slip Op 08885


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-08460
 (Index No. 4262/15)

[*1]Gurpreet Singh, appellant, 
v
Barbara M. Weisberg, respondent.


Sacco & Fillas, LLP, Astoria, NY (Celeste Cohen and Simon B. Landsberg of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for battery, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered April 18, 2018. The order denied the plaintiff's motion, in effect, for leave to renew his prior motion to vacate his default in opposing the defendant's motion for summary judgment dismissing the complaint, which had been denied in an order of the same court entered November 28, 2017.
ORDERED that the order entered April 18, 2018, is affirmed, with costs.
The plaintiff, a taxicab driver, transported the defendant to a destination in Manhattan, after which a physical altercation ensued between the parties over payment of the fare. The plaintiff commenced an action to recover damages for personal injuries he allegedly sustained during the altercation. The defendant moved for summary judgment dismissing the complaint. Due to the plaintiff's failure to serve his opposition papers in accordance with the deadline set by the centralized motion part, his opposition papers were rejected as untimely. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint without opposition.
The plaintiff moved to vacate his default in opposing the defendant's motion, alleging law office failure. The Supreme Court denied the motion, concluding, inter alia, that the plaintiff failed to demonstrate a reasonable excuse for his default in opposing the motion. The plaintiff then moved, in effect, for leave to renew his prior motion to vacate his default in opposing the defendant's motion. The court denied the defendant's motion for leave to renew, and the plaintiff appeals.
To prevail on a motion for leave to renew, the motion must be based upon new facts not offered on the prior motion that would change the prior determination, and the moving party must set forth a reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221[e][2], [3]; Cullin v Lynch, 148 AD3d 670, 670; Cioffi v S.M. Foods, Inc., 142 AD3d 526, 529). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Fardin v 61st Woodside Assoc., 125 AD3d 593, 595, quoting Coccia v Liotti, 70 AD3d 747, 753).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's [*2]motion, in effect, for leave to renew his prior motion to vacate his default in opposing the defendant's motion for summary judgment (see CPLR 2221[e][2]; Ghoneim v Vision Enters. Mgt., LLC, 165 AD3d 893, 894). Although the affirmations of counsel submitted in support of renewal clarified some of the procedural facts surrounding the plaintiff's default in opposing the defendant's motion for summary judgment, the plaintiff still failed to offer any excuse, let alone a reasonable one, for his failure to serve his opposition papers in accordance with the deadline set by the centralized motion part (see Bank of N.Y. Mellon v Ruci, 168 AD3d 799, 800; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707). Moreover, the plaintiff failed to provide a reasonable justification for his failure to submit an affidavit of merit in support of his prior motion (see Hernandez v Nwaishienyi, 148 AD3d 684, 687).
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court