■ In the Matter of DOROTHY D. NEVIN, Respondent, v DAVID A. NEVIN, Appellant. — Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered July 6, 1983, which granted petitioner's application for an upward modification of a prior support order. ¶ The parties were divorced in 1979 pursuant to a judgment which awarded monthly alimony to petitioner and support for two of their three infant children, now ages 12 and 10, totaling $850. The third infant, age 13, lives with respondent. ¶ In 1980, respondent, a psychologist, lost his employment at the Parsons Center. As a consequence, his income was reduced by approximately one third and the Family Court, pursuant to a stipulation entered into between the parties, issued an order lowering the alimony and support payments to $500: $324 per month alimony and $88 per month for support of each child. The upward modification of that order by Family Court, made upon a finding that there has been a substantial change in circumstances, is what prompts this appeal. ¶ We affirm. The proof shows an increase of approximately $6,000 in respondent's 1982 gross income over his 1980 gross income, which is attributable to his being re-employed by the Parsons Center. Testimony and financial data presented show that the needs of petitioner and the children, such as adequate food, clothing, and orthodontic care, are not being met. Although petitioner has secured part-time employment and received a gift of money from her mother, which generates income that petitioner currently uses to meet expenses, these funds are insufficient to relieve petitioner and her children of the financial difficulties besetting them. Family Court, however, properly considered them as a source of some income and increased the monthly alimony and support payments to $750 rather than the original amount of $850 (*Matter of Brescia v Fitts*, 56 NY2d 132, 140-141). Nor can we find fault with the determination not to require petitioner to invade the corpus of the gift from her mother, since these funds may be necessary for the future education of the children and especially since respondent has funds available to pay for the children's current necessities. In our view, the testimony and evidence developed at trial concerning the increased income of respondent and increased

needs of the children and petitioner established, by a fair preponderance of the evidence, justification for the upward modification of support awarded. ¶ Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.