■ In the Matter of JOSEPH A. GRECO, Appellant, v SUZANNE M. GRECO, Respondent. [674 NYS2d 251] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The parties' judgment of divorce in 1993 awarded respondent maintenance of

$250 per week and directed petitioner to pay that sum until he is no longer obligated to pay child support, at which time Family Court, upon application, shall determine the appropriate amount of maintenance. Approximately 3 weeks before termination of his obligation to pay child support, petitioner filed a petition in Family Court for a downward modification of maintenance. Respondent cross-petitioned for continued maintenance and an upward modification of the amount awarded in the judgment.

The Hearing Examiner treated the referral set forth in the judgment of divorce as authorizing Family Court to consider the issue of maintenance as an initial application rather than as a request for modification. The court agreed with the Hearing Examiner and denied petitioner's objections to the decision and order of the Hearing Examiner awarding respondent $256 per week. That was error. The initial determination regarding maintenance was made by Supreme Court, and, because Supreme Court only had the authority to annul or modify that determination (*see*, Domestic Relations Law § 236 [B] [9] [b]), Supreme Court could refer to Family Court an application only to enforce, annul or modify its determination (*see*, Family Ct Act § 466 [c]).

There was a sufficient ground, however, for Family Court to modify the maintenance awarded in the judgment of divorce. The record establishes that petitioner's obligation to pay child support terminated within days after the filing of the cross petition (*see*, Domestic Relations Law § 236 [B] [9] [b]), and respondent's inheritance of a significant sum constituted a change of circumstance sufficient to justify Family Court to entertain a modification petition. Although the amount inherited by respondent should be considered as a resource available to her, we agree with respondent that she should not be required to invade the principal of her share of the estate in order to support herself according to her predivorce standard of living (*see*, *Matter of Nevin v Nevin*, 100 AD2d 706). Respondent has limited employment skills and has assumed the responsibility to pay the college expenses for the parties' daughter. The order provides that maintenance will terminate in 2006, and petitioner, who no longer has a child support obligation, is in a financial position superior to that of respondent. We agree with Family Court that the figure arrived at by the Hearing Examiner reflects the reasonable monthly needs of respondent. The record establishes, however, that respondent has a monthly income of $2,160. Thus, we modify the order by directing that petitioner pay maintenance in the sum of $240

per week. (Appeal from Order of Erie County Family Court, Szczur, J.—Support.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Balio, JJ.