In an action to recover damages for personal injuries, the defendant Luaka Masiala appeals from an order of the Supreme Court, Queens County (Lane, J.), entered May 24, 2013, which granted the plaintiffs’ motion, in effect, for leave to renew their prior motion, in effect, to vacate an order of the same court (Weinstein, J.) dated April 19, 2011, dismissing the action pursuant to 22 NYCRR 202.27 (b), and to restore the action to the trial calendar, which motion was denied in a prior order of the same court (Lane, J.) dated October 16, 2012, and, upon renewal, in effect, vacated the order dated October 16, 2012, and thereupon granted the plaintiffs’ prior motion, in effect, to vacate the order dated April 19, 2011, and to restore the action to the trial calendar.
Ordered that the order entered May 24, 2013, is reversed, on the law, with costs, the plaintiffs’ motion, in effect, for leave to renew is denied, and the order dated October 16, 2012, is reinstated.
A motion for leave to renew must be based upon new facts, not offered on the prior motion, that would change the prior determination, and the party seeking renewal must have a “reasonable justification” for the failure to present such facts on the original motion (CPLR 2221 [e] [3]; see Matter of Korman v Bellmore Pub. Schools, 62 AD3d 882, 884 [2009]). “A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation” (Elder v Elder, 21 AD3d 1055, 1055 [2005]; see Rose v Levine, 98 AD3d 1015, 1015-1016 [2012]; Matter of Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d 727, 728 [2009]). Here, the plaintiffs did not proffer any justification for their failure to provide the new facts contained in their at *645 torney’s affirmation in the first instance (see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586 [2012]; Semenov v Semenov, 98 AD3d 962, 963 [2012]; Clarke v Allstate Ins. Co., 98 AD3d 466, 467 [2012]). Accordingly, the plaintiffs’ motion, in effect, for leave to renew their prior motion, in effect, to vacate an order of the same court dated April 19, 2011, dismissing the action pursuant to 22 NYCRR 202.27 (b), and to restore the action to the trial calender, should have been denied. Mastro, J.E, Hall, Austin and Sgroi, JJ., concur.