■ In the Matter of HERIBERTO DEFENDINI, Deceased. LENA DEFENDINI, Petitioner, and YASMIN COICHETTI, Respondent; RENE DEFENDINI, SR., et al., Appellants. [35 NYS3d 495]—

In a probate proceeding in which Lena Defendini petitioned pursuant to SCPA 2103 to recover certain property on behalf of the decedent's estate, Rene Defendini, Sr., Rene Defendini, Jr., and Gina (Defendini) Patene appeal from an order of the Surrogate's Court, Kings County (López Torres, J.), dated May 16, 2014, which, among other things, denied that branch of their motion which was for leave to renew their opposition to the prior motion of Lena Defendini for summary judgment on the petition, which had been granted in an order of the same court dated December 15, 2010.

Ordered that the order dated May 16, 2014, is reversed, on the law and in the exercise of discretion, with one bill of costs, that branch of the appellants' motion which was for leave to renew their opposition to the prior motion of Lena Defendini for summary judgment on the petition is granted, upon renewal, the order dated December 15, 2010, is vacated, the prior motion for summary judgment on the petition is denied, and a decree of the Surrogate's Court, Kings County, dated January 12, 2011, entered upon the order dated December 15, 2010, is vacated.

Lena Defendini, as the administrator of the estate of Heriberto Defendini (hereinafter the decedent), filed a petition against Rene Defendini, Sr., Rene Defendini, Jr., and Gina (Defendini) Patane (hereinafter collectively the appellants), to turnover certain assets claimed to be the property of the decedent's estate. Lena Defendini thereafter moved for summary judgment on the petition. The appellants opposed the motion. In an order dated December 15, 2010, the Surrogate's Court granted the motion. A decree dated January 12, 2011, was subsequently entered upon the order dated December 15, 2010, directing the appellants to turn over the disputed assets. Lena Defendini died on April 25, 2012, and Yasmin Coichetti was substituted as the administrator of the decedent's estate.

After obtaining new counsel, the appellants moved, by order to show cause dated October 29, 2013, inter alia, for leave to renew their opposition to the prior motion for summary judgment on the petition. The appellants' motion was based upon new facts that had not been offered in opposition to the prior motion. In an order dated May 16, 2014, the Surrogate's Court, among other things, denied that branch of the appellants' motion which was for leave to renew. The court determined that the appellants failed to demonstrate a reasonable justification for their failure to present the new facts in opposition to the prior motion. The appellants appeal from the order dated May 16, 2014. We reverse.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). "The requirement that a motion for renewal be based on new facts is a flexible one, and it is within the court's discretion to grant renewal upon facts known to the moving party at the time of the original motion 'if the movant offers a reasonable excuse for the failure to present those facts on the prior motion' " (*JRP Holding, Inc. v Pratt*, 113 AD3d 823, 824 [2014] [internal quotation marks omitted], quoting *Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565, 566 [2010]; *see Matter of Surdo v Levittown Pub. School Dist.*, 41 AD3d 486, 486 [2007]).

Here, under the particular circumstances of this case, the appellants provided a reasonable justification for their failure to present the new facts in opposition to the prior motion for summary judgment on the petition such that leave to renew should have been granted (*see generally Hackney v Monge*, 103 AD3d 844, 845 [2013]; *Gordon v Boyd*, 96 AD3d 719, 720 [2012]; *Schwelnus v Urological Assoc. of L.I., P.C.*, 94 AD3d 971, 972 [2012]). Upon renewal, the Supreme Court should have denied the motion for summary judgment on the petition, since the new facts offered by the appellants were sufficient to raise a triable issue of fact in opposition to the prima facie showing of entitlement to judgment as a matter of law on the petition (*see generally Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Rowe v Kingston*, 94 AD3d 852, 853-854 [2012]).

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.