◼ ANDREW BORGIA, Appellant, v CHARLES ROTHBERG, M.D., Respondent, et al., Defendant. [50 NYS3d 452]—

Appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated July 1, 2014. The order, insofar as appealed from, denied the plaintiff's motion for leave to renew his opposition to a prior motion of the defendant Charles Rothberg for a protective order, which had been granted in an amended order of the same court dated June 5, 2012.

Ordered that the order dated July 1, 2014, is reversed insofar as appealed from, on the law and the facts, with costs, the plaintiff's motion for leave to renew is granted, upon renewal, the amended order dated June 5, 2012, is vacated, and the prior motion of the defendant Charles Rothberg for a protective order is denied.

This medical malpractice action arises out of two cataract procedures performed on the plaintiff by the defendant Charles Rothberg (hereinafter the defendant). In May 2011, the defendant moved for a protective order denying the plaintiff's notice to produce certain correspondence between the defendant and Alcon Research, Ltd. (hereinafter Alcon), relating to the Alcon intraocular lenses used in the plaintiff's cataract procedures (hereinafter the Alcon documents). The defendant contended that the Alcon documents constituted voluntary adverse event reports by a physician, entitled to be protected from disclosure pursuant to 21 USC § 360i (b) (3) (C). In an amended order dated June 5, 2012, the Supreme Court, after an in camera review of the documents, granted the defendant's motion for a protective order, finding that the Alcon documents were protected from disclosure pursuant to 21 USC § 360i (b). The plaintiff did not appeal from that order.

The defendant was then deposed, after which the plaintiff moved for leave to renew his opposition to the defendant's prior motion, contending that the defendant's deposition testimony revealed new facts demonstrating that the Alcon documents were not protected from disclosure. In an order dated July 1, 2014, the Supreme Court, inter alia, denied the plaintiff's motion for leave to renew. The plaintiff appeals.

"A motion for leave to renew 'shall be based upon new facts not offered on the prior motion that would change the prior determination' and 'shall contain reasonable justification for

the failure to present such facts on the prior motion' " (*Matter of Defendini*, 142 AD3d 500, 502 [2016], quoting CPLR 2221 [e] [2], [3]).

As is relevant to this appeal, the plaintiff demonstrated new facts unavailable to him at the time of the defendant's motion for a protective order; to wit, the defendant's testimony at his deposition that he did not recall submitting the Alcon documents to anyone other than Alcon, and had "no idea" whether the documents were submitted to the Secretary of Health and Human Services. The defendant further testified to his opinion, with a reasonable degree of medical certainty, that the first lens implanted did not cause serious illness or injury to the plaintiff; the defendant's counsel stipulated that if the lens did not cause a serious injury or condition, it did not contribute to it. The defendant had no opinion with regard to the second lens. The defendant's testimony constituted new facts that would have changed the prior determination protecting the Alcon documents from disclosure, as the testimony demonstrated that the Alcon documents do not fall within the ambit of 21 USC § 360i (b), which protects certain documents from disclosure. Specifically, the Alcon documents do not constitute "user reports," as that term is used in 21 USC § 360i (b). In fact, the defendant's testimony demonstrated that the Alcon documents[ do not "reasonably suggest[ ]" that the implants caused or contributed to a serious illness or injury (21 USC § 360i [b] [1] [B] [i]). Thus, contrary to the defendant's contention, the Alcon documents do not qualify as "report[s] made under paragraph (1) [of 21 USC § 360i (b)]" (21 USC § 360i [b] [3]), which addresses reports a user device facility is required to make regarding "information that reasonably suggests that a device has or may have caused or contributed to the serious illness of, or serious injury to, a patient of the facility, or . . . other significant adverse device experiences as determined by the Secretary by regulation to be necessary to be reported" (21 USC § 360i [b] [1] [B]; *see generally Kubicki on behalf of Kubicki v Medtronic*, 307 FRD 291, 298 [D DC 2014]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to renew (*see Matter of Defendini*, 142 AD3d at 502; *Matter of Surdo v Levittown Pub. School Dist.*, 41 AD3d 486, 486 [2007]).

As the party seeking to preclude discovery, the defendant had the burden of proving that the Alcon documents were not discoverable (*see Jacaruso v Keyspan Energy Corp.*, 109 AD3d 585, 586 [2013]; *Vivitorian Corp. v First Cent. Ins. Co.*, 203 AD2d 452, 452-453 [1994]; *see also Matter of Kapon v Koch*, 23

NY3d 32, 39 [2014]). In light of the defendant's failure to meet that burden, upon renewal, the Supreme Court should have denied the defendant's motion for a protective order (*see Matter of Defendini*, 142 AD3d at 502; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 801 [2010]). This Court takes no position, however, regarding the admissibility of the Alcon documents.

The plaintiff's remaining contentions are not properly before this Court and, in any event, need not be reached in light of our determination. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.