CHERYL SCHWARTZ, Respondent, v MARTIN SCHWARTZ, Appellant. [60 NYS3d 426]—

Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Fran Ricigliano, J.), dated April 8, 2015,

and (2) an order of that court entered December 11, 2015. The order dated April 8, 2015, insofar as appealed from, denied, without a hearing, the defendant's motion to terminate his maintenance and life insurance obligations under the parties' judgment of divorce and granted the plaintiff's cross motion for the imposition of sanctions and an award of attorney's fees to the extent of awarding her the sum of $4,000 in attorney's fees. The order entered December 11, 2015, insofar as appealed from, denied, without a hearing, the defendant's motion for leave to renew and for counsel fees, and granted the plaintiff's cross motion to impose sanctions and for an award of attorney's fees to the extent of awarding her the sum of $5,000 in attorney's fees.

Ordered that the appeal from that portion of the order dated April 8, 2015, which denied, without a hearing, the defendant's motion to terminate his maintenance and life insurance obligations, is dismissed as academic in light of our determination of the appeal from the order entered December 11, 2015; and it is further,

Ordered that the order dated April 8, 2015, is reversed insofar as reviewed, on the law and in the exercise of discretion, and that branch of the plaintiff's cross motion which was for an award of attorney's fees is denied; and it is further,

Ordered that the order entered December 11, 2015, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for leave to renew, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting the plaintiff's cross motion to the extent of awarding her the sum of $5,000 for attorney's fees, and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order entered December 11, 2015, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on that branch of the defendant's motion which was to terminate his maintenance and life insurance obligations under the parties' judgment of divorce, said hearing to be held following suitable discovery as determined by the Supreme Court; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties divorced in 2008. Pursuant to the judgment of divorce, the defendant was required to pay to the plaintiff maintenance in the sum of $7,500 per month for the first 60 months, and $3,000 per month thereafter, until the death of either party or until the plaintiff remarried or held herself out

as remarried. The defendant was further required to procure and maintain $750,000 of life insurance, naming the plaintiff as the sole and irrevocable beneficiary thereof.

In January 2015, the defendant moved to terminate his maintenance and life insurance obligations on the basis that the plaintiff's father had recently died, that the plaintiff was the only beneficiary of his estate, and that the late father's estate and assets were worth $15 to $20 million. The defendant contended that the plaintiff's large inheritance constituted a substantial change in circumstances which made her self-supporting. The plaintiff opposed the motion and cross-moved to impose sanctions and for an award of attorney's fees. While acknowledging that her father had died in October 2014, she contended that his estate was more properly valued at $6 million. In an affidavit dated March 6, 2015, she further contended, inter alia, that the defendant's motion was premature, since her father's will had not yet been probated and she had received no inheritance from his estate. The plaintiff's counsel also asserted, upon information and belief, that the will had not yet been probated. In an order dated April 8, 2015, the Supreme Court denied the defendant's motion as premature, and granted the plaintiff's cross motion to the extent of awarding her an attorney's fee in the sum of $4,000.

The defendant subsequently moved for leave to renew his prior motion and for counsel fees in September 2015, submitting, inter alia, a copy of the plaintiff's deceased father's will and various documents from the Surrogate's Court, Nassau County, demonstrating that the will had in fact been admitted to probate, upon the plaintiff's consent, on November 3, 2014, more than two months before the defendant's prior motion had been made. He also reiterated his position that the plaintiff, as the primary surviving beneficiary of the will, would receive significant funds and assets so as to constitute a substantial change in circumstances. The plaintiff opposed the motion and again cross-moved to impose sanctions and for an award of attorney's fees. The plaintiff indicated in her supporting affidavit, inter alia, that while a decree granting probate actually had been issued almost one year earlier, the administration of her father's estate had not been finalized and she had not yet received her inheritance. In an order entered December 11, 2015, the Supreme Court denied the defendant's motion in its entirety, and granted the plaintiff's cross motion to the extent of awarding her attorney's fees in the sum of $5,000.

We modify the order entered December 11, 2015, grant that branch of the defendant's motion which was for leave to renew

his prior motion, deny that branch of the plaintiff's cross motion which was for an award of attorney's fees, and remit the matter to the Supreme Court, Nassau County, for a hearing on that branch of the defendant's motion which was to terminate his maintenance and life insurance obligations, said hearing to be held following suitable discovery as determined by the Supreme Court. We also reverse that part of the order dated April 8, 2015, which granted the plaintiff's cross motion to the extent of awarding her attorney's fees of $4,000, and we deny the plaintiff's cross motion.

"Upon application by either party, the court may annul or modify any prior order or judgment made after trial as to maintenance, . . . upon a showing of a substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b] [1]). "The party seeking the modification of a maintenance award has the burden of establishing the existence of the change in circumstances that warrants the modification" (*Noren v Babus*, 144 AD3d 762, 764 [2016] [internal quotation marks omitted]; *see Donnelly v Donnelly*, 199 AD2d 237, 237 [1993]). The inheritance of significant funds can constitute a substantial change of circumstances supporting a request to modify a party's maintenance obligation (*see Matter of Greco v Greco*, 251 AD3d 977, 978 [1998]; *see generally Dowdle v Dowdle*, 114 AD2d 699, 700 [1985]). "On a motion for downward modification of child support and maintenance obligations, an evidentiary hearing is necessary only where the proof submitted by the movant is sufficient to show the existence of a genuine issue of fact" (*Reback v Reback*, 93 AD3d 652, 652-653 [2012]; *see Ritchey v Ritchey*, 82 AD3d 948, 949 [2011]; *David v David*, 54 AD3d 714, 715 [2008]; *D'Alesio v D'Alesio*, 300 AD2d 340, 341 [2002]; *Mishrick v Mishrick*, 251 AD2d 558, 558 [1998]; *Senzer v Senzer*, 132 AD2d 694, 694-695 [1987]; *Nordhauser v Nordhauser*, 130 AD2d 561, 562-563 [1987]).

Here, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew his prior motion to terminate his maintenance and life insurance obligations, since the motion was based upon new evidence not offered on the prior motion, the defendant provided reasonable justification for his failure to previously present that evidence, and the evidence raised substantial issues as to the propriety of the court's prior determination (*see* CPLR 2221 [e]; *Donovan v Rizzo*, 149 AD3d 1038 [2017]; *Borgia v Rothberg*, 148 AD3d 1109 [2017]; *Matter of Defendini*, 142 AD3d 500 [2016]). Moreover, upon renewal, and applying the above principles to the facts of this case, the court

should have directed suitable discovery and a hearing on that branch of the defendant's motion which was to terminate his maintenance and life insurance obligations based on a substantial change in the parties' circumstances within the meaning of Domestic Relations Law § 236 (B) (9) (b) (1) (*see generally David v David*, 54 AD3d 714 [2008]; *Kayemba v Kayemba*, 46 AD3d 994 [2007]; *Sitler v Sitler*, 266 AD2d 202 [1999]).

In view of all of the circumstances in this case, including the parties' respective financial positions and the plaintiff's misrepresentation that her deceased father's will had not been probated, we find that the Supreme Court improvidently exercised its discretion in awarding attorney's fees to the plaintiff in the orders appealed from (*see* Domestic Relations Law § 238).

The defendant's remaining contention is without merit. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.