Matter of Serviss v Incorporated Vil. of Floral Park (2018 NY Slip Op 05597)





Matter of Serviss v Incorporated Vil. of Floral Park


2018 NY Slip Op 05597


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-02003
 (Index No. 3127/16)

[*1]In the Matter of Joseph Serviss, appellant,
v
Incorporated Village of Floral Park, respondent.


Law Offices of Louis D. Stober Jr., LLC, Mineola, NY, for appellant.
Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John M. Donnelly of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Floral Park dated February 1, 2016, which terminated the petitioner's employment as a senior tree pruner, the petitioner appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), dated January 9, 2017. The order, insofar as appealed from, denied that branch of the petitioner's motion pursuant to CPLR 2221 which was for leave to renew his opposition to the respondent's prior motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, which had been granted in an order of the same court dated July 22, 2016.
ORDERED that the order dated January 9, 2017, is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Floral Park, which terminated his employment as a senior tree pruner. The petitioner alleged that his due process rights were violated because he was not provided a hearing prior to the termination of his employment. While acknowledging in his petition that these due process protections were generally inapplicable to labor class positions such as the one he held, the petitioner asserted that Civil Service Law § 75 provides for such protections for special categories, including "qualified veterans and exempt firemen." The petitioner contended that he was entitled to these protections by virtue of the fact that he had been a "volunteer fire fighter with the Rocky Point Fire Department since September 30, 2013."
The Village moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition on the basis that it was deficient as a matter of law, contending that the petitioner failed to allege in his petition that he was an "exempt" firefighter as defined in General Municipal Law § 200. In an order dated July 22, 2016, the Supreme Court granted the Village's motion and dismissed the proceeding. The petitioner did not appeal from that order.
Thereafter, the petitioner moved pursuant to CPLR 2221, as relevant here, for leave to renew his opposition to the Village's motion to dismiss the petition. In support of that branch of [*2]his motion which was for leave to renew, the petitioner submitted a certificate and supporting documentation (hereinafter together the certificate) to establish that he was an "exempt" firefighter as defined in General Municipal Law § 200. In an order dated January 9, 2017, the Supreme Court, inter alia, denied that branch of the petitioner's motion which was for leave to renew, holding that he failed to offer a reasonable justification for failing to submit the certificate in opposition to the Village's motion to dismiss. The petitioner appeals from that order.
"In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437). However, "[t]he requirement that a motion for renewal be based on new facts is a flexible one" (Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566; see Borgia v Rothberg, 148 AD3d 1109, 1109-1110; Matter of Defendini, 142 AD3d 500, 502; JRP Holding, Inc. v Pratt, 113 AD3d 823). The new or additional facts presented "either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; see Rowe v NYCPD, 85 AD3d 1001, 1003). "However, in either instance, a reasonable justification' for the failure to present such facts on the original motion must be presented" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586, quoting CPLR 2221[e][3]).
" [T]he Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion'" (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891, quoting Jovanovic v Jovanovic, 96 AD3d 1019, 1020; see Bazile v City of New York, 94 AD3d 929, 931). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776; Kio Seob Kim v Malwon, LLC, 155 AD3d 1017; Federal Natl. Mtge. Assn. v Sakizada, 153 AD3d 1236, 1237; Joseph v Simmons, 114 AD3d 644). Here, we agree with the Supreme Court's finding that the petitioner failed to offer a reasonable justification for his failure to present the documents relating to his status as an "exempt" firefighter in opposition to the original motion to dismiss.
To the extent that the petitioner argues that the Supreme Court should have denied the Village's underlying motion to dismiss the petition, the propriety of that determination is not properly before this Court as the petitioner failed to appeal from the order dated July 22, 2016 (see CPLR 5501, 5513, 5515; Hecht v City of New York, 60 NY2d 57, 61-62; Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d 417, 417-418).
Accordingly, the order dated January 9, 2017, must be affirmed insofar as appealed from.
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court