Gahagan v Gahagan (2019 NY Slip Op 03768)





Gahagan v Gahagan


2019 NY Slip Op 03768


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-12006
 (Index No. 200148/03)

[*1]Robert G. Gahagan, respondent, 
v
Betsy Gahagan, appellant.


Sunshine & Feinstein, LLP, Garden City, NY (Joel M. Sunshine and Janet R. Faber of counsel), for appellant.
Goodman, Jurist & Pandolfo, LLP, Garden City, NY (Gregory Pandolfo of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered April 30, 2009, the defendant appeals from an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), dated August 7, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue his opposition to the defendant's motion, inter alia, to reinstate monthly maintenance retroactive to January 1, 2014, which had been granted in an order of the same court dated September 12, 2014, and upon reargument, vacated so much of the order dated September 12, 2014, as granted that branch of the defendant's motion which was to reinstate monthly maintenance retroactive to January 1, 2014, and thereupon denied that branch of the defendant's motion.
ORDERED that the order dated August 7, 2015, is affirmed insofar as appealed from, with costs.
The parties' judgment of divorce contained provisions regarding the duration and amount of maintenance and child support, including provisions regarding possession and eventual sale of the marital residence. On the plaintiff's appeal from that judgment, this Court ordered that changes in the maintenance and child support provisions would take place upon the sale of the marital residence or December 31 of the year in which the parties' second eldest child graduated from high school, whichever was earlier (see Gahagan v Gahagan, 76 AD3d 538). The second eldest child graduated from high school in 2013, but the sale of the marital residence did not take place by December 31, 2013. Under the terms of the judgment, as modified by this Court, the defendant was not entitled to maintenance thereafter until the marital residence was sold. In April 2014, the defendant moved, inter alia, to reinstate monthly maintenance retroactive to January 1, 2014. The Supreme Court granted the motion. The plaintiff moved for leave to reargue his opposition to the defendant's motion. The court granted reargument and, upon reargument, denied that branch of the defendant's motion which was to reinstate monthly maintenance. The defendant appeals.
We agree with the Supreme Court's determinations granting that branch of the plaintiff's motion which was for leave to reargue, and, upon reargument, denying that branch of the [*2]defendant's motion which was to reinstate monthly maintenance retroactive to January 1, 2014. A court may modify an order or judgment made after trial as to maintenance upon a showing of a substantial change in circumstances (see Domestic Relations Law § 236[B][9][b][1]). The party seeking the modification of a maintenance award has the burden of establishing the existence of the change in circumstances that warrants the modification (see Schwartz v Schwartz, 153 AD3d 953, 956; Noren v Babus, 144 AD3d 762, 764; Rabinovich v Shevchenko, 120 AD3d 786, 786). Although, as the defendant correctly contends, she was not required to show an unexpected change in circumstances, the defendant failed to establish that there was a substantial change in circumstances, unexpected or otherwise, to warrant reinstatement of maintenance as of January 1, 2014, in the absence of the sale of the marital residence. Under the circumstances of this case, the failure of the parties to sell the marital residence by December 31, 2013, did not constitute a substantial change of circumstances sufficient to warrant a modification of the maintenance provisions of the judgment, as modified by this Court. The defendant failed to establish that the plaintiff's alleged failure to make certain repairs delayed or impeded the sale of the marital residence. Accordingly, the defendant was not entitled to reinstatement of maintenance retroactive to January 1, 2014.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court